979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas A. BROOK, Acting Director, Office of Personnel
Management, Petitioner,
v.
Phillip G. HILLEN
and
Merit Systems Protection Board, Respondents.
 Misc. No. 341.
 United States Court of Appeals, Federal Circuit.
 Aug. 27, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR REVIEW
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Acting Director of the Office of Personnel Management (OPM) pursuant to 5 U.S.C. § 7703(d) petitions for review of the Merit Systems Protection Board decision reversing the Department of the Army's removal of Phillip G. Hillen. Hillen opposes the petition.
 
 BACKGROUND
 
 2
 On February 15, 1985, the Army proposed to remove Hillen from his Senior Executive Service position based on assertions that Hillen sexually harassed five members of the Military Traffic Management Command. The Army noted that one employee, Captain Nancy Daugherty, alleged that Hillen touched her breast on one occasion, rubbed her buttocks and thigh on a second occasion, and, on a third occasion, in a telephone call, when Daugherty answered the phone and asked "may I help you, sir," Hillen replied "what would you like to do?" The Army noted that the other four employees had alleged various incidents including unwelcome and repeated touching, sexual innuendos and dirty jokes in conversations, unusual attentiveness to certain women, requests to join Hillen for drinks after work, and sexually suggestive looks. In the notice proposing to remove Hillen, the Army cited no specific regulation or statute that Hillen violated.
 
 
 3
 On April 11, 1985, the Army issued its notice of decision to remove Hillen, effective April 12, 1985. Specifically, the Army concluded that Hillen did sexually harass Daugherty "in the manner stated by her" and that "your conduct in regard to Captain Daugherty, standing alone, warrants removal from the service." The Army also concluded that Hillen's conduct towards the other four employees constituted sexual harassment. According to the Army, these determinations reinforced their conclusion that Hillen's removal was required for the efficiency of the service. The Army cited the Equal Employment Opportunity Commission (EEOC) regulation on sexual harassment at 29 C.F.R. § 1604.11 that "forms the basis for the various Office of Personnel Management (OPM), Department of Defense and Army prohibitions on sexual harassment."
 
 
 4
 Hillen appealed to the Board. The presiding official* reversed the Army's decision on summary judgment. On the Army's petition for review of the presiding official's initial decision, the Board vacated the decision, determined that the agency had shown an unimpeached prima facie case of sexual harassment as to some of the allegations, concluded that summary judgment was inappropriate, and remanded the case to the presiding official. Hillen v. Department of Army, 29 M.S.P.R. 690 (1986).
 
 
 5
 On remand, the now-administrative judge (AJ) again reversed the Army's removal. The Army petitioned for review and the Office of Special Counsel intervened and petitioned for review. The Board granted these petitions and remanded the case to the AJ to resolve certain credibility issues. Hillen v. Department of Army, 35 M.S.P.R. 453 (1987).
 
 
 6
 On remand for a second time, the AJ again addressed Hillen's actions towards three of the employees. The AJ concluded that Hillen's conduct either was not of a sexual nature or did not involve sexual intent. The Army and the Office of Special Counsel again petitioned for review.
 
 
 7
 The Board granted the petitions and affirmed the AJ's decision as modified. Hillen v. Department of Army, 50 M.S.P.R. 293 (1991). The Board concluded that the AJ erred in requiring proof of sexual intent as an element of sexual harassment. The Board agreed with the AJ's credibility findings and affirmed that Hillen's actions toward two of the employees did not constitute sexual harassment. The Board considered whether the actions toward Daugherty constituted sexual harassment without considering Hillen's asserted lack of sexual intent. The Board determined that the touching of Daugherty's breast was inadvertent and therefore not sexual harassment. As to the telephone comments, the Board determined that "[p]roof of occasional, trivial remarks such as the appellant exhibited in the telephone call does not establish pervasiveness." Finally, as to Hillen's rubbing of Daugherty's buttocks and thigh, the Board determined that while Hillen's conduct was uninvited, offensive to Daugherty, and of a sexual nature, this incident alone did not "rise to the level of a Title VII violation, as charged by the agency, because it is not pervasive, nor is it of sufficient severity to seriously affect a reasonable employee's work or psychological well-being." The Board upheld the AJ's reversal of the Army's removal and ordered the Army to restore Hillen to his position.
 
 
 8
 OPM petitioned the Board for reconsideration pursuant to 5 U.S.C. § 7703(d). OPM argued that the Board erred in determining that the Army's action was based solely on the EEOC guidelines and not on the Army's policy or regulations against sexual harassment and that the Board did not correctly apply the appropriate standard for determining whether sexual harassment had occurred even under the EEOC guidelines. The Board determined that the agency did not adequately inform Hillen that he was charged with violations of regulations other than the EEOC regulation concerning sexual harassment. Acknowledging that it had not consistently stated the correct standard concerning sexual harassment, the Board determined that the only sustained incident of unwelcome sexual touching, the brushing of Daugherty's buttocks and thigh, was insufficient to establish a hostile and intimidating environment. Accordingly, the Board denied the petition for reconsideration and reaffirmed its most recent decision as modified. Hillen v. Department of Army, No. DC07528510324 (Apr. 29, 1992).
 
 DISCUSSION
 
 9
 Pursuant to 5 U.S.C. § 7703(d), OPM may petition for review of a Board decision if it determines, in its discretion, that the Board erred in interpreting a civil service law, rule or regulation and that the Board's decision will have a substantial impact on the administration of the civil service. This court must independently determine whether an exercise of discretionary jurisdiction is warranted. Devine v. Brisco, 773 F.2d 867 (Fed.Cir.1984). If the decision involves a matter closely tied to the facts of the case, the requisite impact may not exist. Devine v. Sutermeister, 724 F.2d 1558, 1566 (Fed.Cir.1983).
 
 
 10
 Specifically, OPM argues that the Board's decision will have a substantial impact on the administration of the civil service because agencies will be confused about the degree of specificity needed in notices of removal and because the Board's conclusions regarding sexual harassment do not comport with Supreme Court precedent. In response, Hillen argues, inter alia, that the Board correctly decided the issues and that OPM is essentially challenging conclusions based upon the facts of the case.
 
 
 11
 We agree with OPM that the Board's decision will have a substantial impact on the administration of the civil service. This appears to be one of the Board's leading cases on sexual harassment. In that regard, it is important that this court review the Board's decision in this developing area of the law, particularly because OPM and the Board disagree on the law in this case.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 (1) OPM's petition for review is granted.
 
 
 14
 (2) The revised caption is as indicated above.
 
 
 
 *
 At that time, the hearing officer was called a presiding official and not an administrative judge